**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| HELEN ROE, a minor, by and through her parent and next friend Megan Roe; JAMES POE, a minor, by and through his parent and next friend Laura Poe; CARL VOE, a minor, by and through his parent and next friend Rachel Voe, <br><br> *Plaintiffs - Appellees*, <br><br> v. <br><br> DEBORAH JOHNSTON, in her official capacity as State Registrar of Vital Records and Interim Director of the Arizona Department of Health Services, <br><br> *Defendant - Appellant*. | No. 25-6970 <br><br> D.C. No. 4:20-cv-00484-JAS <br> District of Arizona, Tucson <br><br> ORDER |
| HELEN ROE, a minor, by and through her parent and next friend Megan Roe; JAMES POE, a minor, by and through his parent and next friend Laura Poe; CARL VOE, a minor, by and through his parent and next friend Rachel Voe, | No. 25-6980 <br> D.C. No. 4:20-cv-00484-JAS <br> District of Arizona, Tucson |

*Plaintiffs - Appellees*,

v.

DEBORAH JOHNSTON, in her official capacity as State Registrar of Vital Records and Interim Director of the Arizona Department of Health Services,

*Defendant - Appellee*,

v.

WARREN PETERSEN, President of the Arizona State Senate; Proposed Intervenor-Defendant; STEVE MONTENEGRO, Speaker of the Arizona House of Representatives; Proposed Intervenor-Defendant,

*Movants - Appellants*.

Filed April 28, 2026

Before: Andrew D. Hurwitz and Roopali H. Desai, Circuit Judges.[*]

---

[*] After this matter was argued and submitted, Susan P. Graber, Circuit Judge, recused. In accordance with General Order 3.2(h), this order is issued by Judge Hurwitz and Judge Desai as a quorum pursuant to 28 U.S.C. § 46(d).

## SUMMARY**

### Stay Pending Appeal

The panel granted a motion of the Director of Arizona's Department of Health Services for a stay pending appeal of the district court's permanent injunction in a case in which a class of transgender people in Arizona allege that A.R.S. § 36-337(A)(3), which requires the registrar to amend a birth certificate when she receives verification that the individual seeking amendment has undergone a "sex change operation," unconstitutionally infringes on the rights of transgender people who have not undergone a "sex change operation."

The district court granted summary judgment in favor of plaintiffs on all claims. In September 2025, the district court entered a permanent injunction, striking the word "operation" from the statute and its implementing regulation, but delayed its effective date to April 30, 2026.

In light of the stay factors in *Nken v. Holder*, 556 U.S. 418, 434 (2009), and the panel's interest in preserving the status quo while the panel decides the merits of this appeal, the panel stayed pending resolution of this appeal the district court's orders entering a permanent injunction and making the injunction effective on April 30, 2026.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Rachel H. Berg (argued) and Kelly J. Popkin, National Center for LGBTQ Rights, Sacramento, California; Patrick J. Hayden, Cooley LLP, New York, New York; Kyle C. Wong, Cooley LLP, San Francisco, California; Mary O'Grady, Colin M. Proksel, and Payslie M. Bowman, Osborn Maledon PA, Phoenix, Arizona; for Plaintiffs-Appellees.

Nathan T. Arrowsmith (argued), Deputy Chief Counsel, Senior Litigation Section; Lauren Watford, Assistant Attorney General; Timothy E.D. Horley, Special Assistant Attorney General; Office of the Arizona Attorney General, Phoenix, Arizona; for Defendants-Appellants.

Michael C. Martinich-Sauter (argued) and Justin D. Smith, James Otis Law Group LLC, St. Louis, Missouri, for Movants-Appellants.

Alice W. Yao, Mary Rohmiller, and Dylan N. De Kervor, Potomac Law Group, Washington, D.C., for Amicus Curiae Constitutional Law Scholars.

Elia Herrera and Lauren Greenawalt, Deputy Attorneys General; Virginia Corrigan, Supervising Deputy Attorney General; Michael L. Newman, Senior Assistant Attorney General; Rob Bonta, California Attorney General; Office of the California Attorney General, Los Angeles, California; Julie Moroney and Molly Powell, Assistant Attorneys General, Complex Litigation Division; Emily Nelson, Assistant Attorney General, Civil Rights Division; Nicholas W. Brown, Washington Attorney General; Office of the Washington Attorney General, Seattle, Washington; Philip J. Weiser, Colorado Attorney General, Office of the Attorney General, Colorado Department of Law, Denver,

Colorado; Kwame Raoul, Illinois Attorney General, Office of the Illinois Attorney General, Chicago, Illinois; Andrea J. Campbell, Massachusetts Attorney General, Office of the Massachusetts Attorney General, Boston, Massachusetts; Aaron D. Ford, Nevada Attorney General, Office of the Nevada Attorney General, Carson City, Nevada; Dan Rayfield, Oregon Attorney General, Office of the Oregon Attorney General, Salem, Oregon; Brian L. Schwalb, District of Columbia Attorney General, Office of the District of Columbia Attorney General, Washington, D.C.; Aaron M. Frey, Maine Attorney General, Office of the Maine Attorney General, Augusta, Maine; Keith Ellison, Minnesota Attorney General, Office of the Minnesota Attorney General, St. Paul, Minnesota; Letitia James, New York Attorney General, Office of the New York Attorney General, New York, New York; for Amici Curiae the States of California, Washington, Colorado, District of Columbia, Illinois, Maine, Massachusetts, Minnesota, Nevada, New York, and Oregon.

Angela Y. Wu and Patience Crozier, GLBTQ Legal Advocates & Defenders, Boston, Massachusetts; Kell L. Olson, Lambda Legal Defense and Education Fund Inc., Tucson, Arizona; Charlie Ferguson, Lambda Legal Defense and Education Fund Inc., New York, New York; for Amici Curiae GLBTQ Legal Advocates & Defenders and Lambda Legal Defense and Education Fund Inc..

## ORDER

The panel heard oral argument in this case on April 14, 2026. Our decision will issue in due course. In the interim, this order grants appellant's motion for a stay pending appeal. Dkt. 4.

## Background

Plaintiffs, a class of transgender people in Arizona, sued the Director of Arizona's Department of Health Services ("ADHS"), alleging that the Arizona law governing amendments to birth certificates violates the Equal Protection Clause and Due Process Clause. They argue that A.R.S. § 36-337(A)(3), which requires the registrar to amend a birth certificate when she receives verification that the individual seeking amendment has undergone a "sex change operation," unconstitutionally infringes on the rights of transgender people who have not undergone a "sex change operation." The district court granted summary judgment in favor of plaintiffs on all claims. In September 2025, the district court entered a permanent injunction, enjoining the word "operation," from the statute and its implementing regulation, but delayed its effective date. Dist. Ct. Dkt. 310. The injunction is set to take effect on April 30, 2026. Dist. Ct. Dkt. 353. ADHS timely appealed and sought a motion for stay pending appeal. Dkt 4.

## Discussion

When deciding a motion for a stay pending appeal, we consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the

proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citation modified). A stay pending appeal "simply suspends judicial alteration of the status quo." *See id.* at 429 (citation modified).

Here, a stay pending appeal is warranted. In light of the stay factors and our interest in preserving the status quo while we decide the merits of this appeal, the motion for a stay pending appeal is granted. *See id.* at 427 ("The authority to hold an order in abeyance pending review allows an appellate court to . . . bring considered judgment to bear on the matter before it . . . [and] responsibly fulfill [its] role in the judicial process."). The district court's orders entering a permanent injunction, Dist. Ct. Dkt. 310, and making the injunction effective on April 30, 2026, Dist. Ct. Dkt. 353, are stayed pending resolution of this appeal. Our decision on the merits will issue in due course.